IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAVIN COOPER,

    Plaintiff,

v.

THE MAYOR AND ALDERMEN OF THE
CITY OF SAVANNAH, et al.,

    Defendants.

CIVIL ACTION NO.: 4:20-cv-238

## O R D E R

This matter comes before the Court on Defendant Matthew Clay's Motion to File Unredacted Documents Under Seal. Doc. 22. Defendant Clay contends several records used in support of his motion for summary judgment cannot be disclosed publicly. Id. at 1–2. Thus, Defendant Clay asks the Court to file Exhibits A through E of his brief in support of his summary judgment motion under seal. Plaintiff did not file a response, and the time to do so has expired, indicating no opposition. Local R. 7.5. For the reasons and in the manner set forth below, the Court **GRANTS** Defendant Clay's unopposed Motion.

The right of access to judicial records pursuant to common law is well-established. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. Nixon, 435 U.S. at 597. The right to access, however, is not absolute. Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty., 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking

to file under seal.  Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983).

In balancing the interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005).  Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. (citing Nixon, 435 U.S. at 598).  This Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal.

Defendant Clay has shown good cause to have Exhibits A through E filed under seal.  Thus, the Court **GRANTS** Defendant Clay's Motion and **DIRECTS** the Clerk of Court to file Defendant Clay's Exhibits A through E under seal.  These documents shall remain under seal permanently.

**SO ORDERED**, this 21st day of June, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA